**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 96-4129

BENNY EDWARD LEE,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
James A. Beaty, Jr., District Judge.
(CR-94-270)

Submitted: January 7, 1997

Decided: February 11, 1997

Before MURNAGHAN and WILKINS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Walter T. Johnson, Jr., Greensboro, North Carolina, for Appellant.
Walter C. Holton, Jr., United States Attorney, Clifton T. Barrett,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Benny Lee appeals his conviction for possession of cocaine with the intent to distribute in violation of 21 U.S.C.§ 841(a)(1) (1994). We affirm.

Officers stopped Lee during a routine drug interdiction operation at the Amtrak station in Greensboro, North Carolina. Lee consented to the search of his bag and the officers found 2198 grams of cocaine wrapped in plastic. Officers also found a train ticket and boarding pass bearing the name "Kevin Lewis" in Lee's pockets, and bottles of prescription medication bearing the name "Bennie Lee" in Lee's shaving kit. On appeal, Lee claims that the district court erred in denying his motion for judgment of acquittal because the evidence was insufficient, and that the district court erred in determining that he was competent during the trial.

This court reviews a denial of a motion for judgment of acquittal under a sufficiency of the evidence standard. United States v. Brooks, 957 F.2d 1138, 1147 (4th Cir. 1992). To sustain a conviction, the evidence viewed in the light most favorable to the Government must be sufficient for a rational jury to find the essential elements of the crime beyond a reasonable doubt. United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir. 1993).

To support a conviction for possession with intent to distribute a controlled substance, the Government must show possession of the controlled substance both knowingly and intentionally with intent to distribute. United States v. Nelson, 6 F.3d 1049, 1053 (4th Cir. 1993). Looking at the evidence in the light most favorable to the Government, the elements of possession with intent to distribute were sufficiently established by the testimony that the bag Lee carried contained cocaine, that Lee was traveling under an assumed identity, and the stipulation that the amount of cocaine was of a distribution amount.

2

The determination of whether a defendant is competent to stand trial is a factual determination which will not be disturbed unless it is clearly erroneous. United States v. Morgano , 39 F.3d 1358, 1337 (7th Cir. 1994), cert. denied, 63 U.S.L.W. 3873 (U.S. June 12, 1995) (No. 94-8487). The testimony concerning Lee's medical condition did not conclusively establish incompetency. The trial judge observed Lee during the trial and did not notice Lee exhibiting irrational behavior or an unusual demeanor. See Drope v. Missouri, 420 U.S. 162, 180 (1975). Lee's own medical expert testified that high blood sugar levels in a diabetic like Lee could cause a range of effects from severe to nonexistent. Also, Lee did not advise anyone as to the possibility that his medical condition was compromising his abilities to comprehend the proceedings against him; Lee's medical expert testified that Lee could have informed his counsel if he had been impaired. Therefore, we find that the district court did not err in determining that Lee was competent to stand trial.

Accordingly, we affirm Lee's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3